Mr. Barry L. Emigh 1720 Arrowhead, Apartment 0 North Little Rock, Arkansas 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107, for certification of the following popular name and ballot title for a proposed initiated measure:
 (Popular Name) DEALER INFORMATION ON BI FUEL VEHICLES (Ballot Title) ACT TO REQUIRE ALL VEHICLE DEALERS TO INFORM THE CUSTOMER WITH INFORMATION REGARDING BI FUEL CARBURETORS TO USE NATURAL GAS OR GASOLINE WITH THE AVAILABLE NEW VEHICLE MODELS, POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR ON OTHER VEHICLE MODELS, RESIDENTIAL HOME FUELING OF NATURAL GAS, AND ALL STATE AND FEDERAL SUBSIDIES BEFORE A CUSTOMER PURCHASES A VEHICLE: TO PROVIDE A WRITTEN STATEMENT WITH THE DEALER AND BUYER TO BE VERIFIED BY THE LICENSE BUREAU: TO PROVIDE A DEDUCTION ON THE COST OF BI FUEL INSTALLATION FROM THE GROSS RECEIPTS SALES TAX: TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS ACT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
Ambiguities, grammatical and syntax errors occur throughout your proposed measure. At a minimum, however, the following ambiguities must be clarified in both your measure and ballot title:
 1) As an initial matter, the introductory portion of your petition states: "[w]e the undersigned legal voters of the State of Arkansas respectfully propose the following act to the Constitution of the State of Arkansas. . . ." (Emphasis added). The measure at issue is referred to in the various sections as either an "act," (Section 6), or a "bill." (Section 5.) The introduction appearing just prior to Section 1 states: "Be it enacted by the General Assembly of the State of Arkansas." The provisions of your proposed measure also provide, however, for the repeal of all laws and constitutional provisions in conflict with "this act." (Section 6.) "Acts," whether adopted by the General Assembly, or through initiated action of the people, are entirely distinct from amendments to the Arkansas Constitution. An "act" cannot repeal a constitutional provision. There is to my knowledge, in this sense, no such thing as an "act to the Constitution." I cannot determine from your submission, therefore, whether you are proposing an initiated "act," or an amendment to the Arkansas Constitution.
 2) Section 5 of your proposed measure states that the provisions of the "bill" are self-executing and shall take effect immediately upon passage. Section 1 of your proposed measure, however, states that: "[t]he state, and subdivisions thereof shall require all vehicle dealers to provide a written statement to the customer. . . ." (Emphasis added.) Section 1 appears to contemplate legislative action prior to the requirements of your measure being effective. I am therefore uncertain how to fairly summarize your proposal's self-executory nature. A similar question obtains with regard to the tax deduction granted in Section 2 of your measure (i.e., "[t]he state and subdivisions thereof to include the counties, and local law making authorities shall provide. . . ." (Emphasis added.)
 3) An additional ambiguity arises from Section 1 of your proposed measure. The measure requires vehicles dealers to provide customers "with all the information regarding the information on the available models, state and federal subsidies, and post factory installation bi fuel carburetors to use both natural gas, or gasoline fuels before purchasing any new, or used vehicle with less than twenty (20,000) miles on the odometer." A question arises as to what information is included within the phrase" all the information . . . etc."
 4) A further ambiguity arises from the following language in Section 2: "The state, and sub divisions thereof to include counties, and local law making authorities shall provide any person purchasing a bi fuel vehicle using both natural gas, or gasoline to deduct the cost of the bi fuel carburetor installation from the gross receipt sales tax, and or any other tax by any other name from the purchase price of that vehicle less any other federal, and or state subsidies up to the cost of the bi fuel carburetor installation on both new, or used vehicles with less than twenty thousand (20,000) miles on the odometer." Several ambiguities arise from this language. In this regard the phrase "cost of the bi fuel carburetor installation" is ambiguous. It is unclear whether this phrase refers to that portion of the manufacturer's list price attributable to the vehicle's bi-fuel capability, or to the actual cost of an installation or later conversion of a new or used vehicle, or both. An ambiguity arises as to how such "cost" will be verified and/or certified. Questions also arise as to the allocation of this amount as between state and local taxes in the event the "cost" is less than the total tax liability.
 5) An ambiguity arises in my judgment from the penalty provided in Section 4 of your proposed measure. That Section, among other things, penalizes any dealer "discouraging a customer by any word to purchase a vehicle using a bi fuel carburetor. . . ." An ambiguity arises as to the exact conduct prohibited by this language. Questions arise as to whether the dealer can express his personal opinion as to the reliability, performance, or attributes of such vehicles without risking prosecution.
The list of ambiguities above is not intended to be all-inclusive. As noted above, ambiguities, grammatical and syntax errors occur throughout your proposed measure. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed measure, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General